UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESLEY WAYNE AUSTIN, | |
| Petitioner, | Case No. 4:15-cv-00315-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| LAWRENCE G. WASDEN, | |
| Respondent. | |

Earlier in this matter, the Court conditionally granted Respondent Lawrence

Wasden's Motion for Summary Dismissal (Dkt. 27), but permitted Petitioner Wesley

Wayne Austin to respond to the Order giving notice that the Court intended to dismiss the

Petition for Writ of Habeas Corpus. (Dkt. 33.) Petitioner has filed a Response, as well as

a "Motion to Introduce Newly Discovered Evidence." (Dkt. 35, 32.)

Having fully reviewed the record, the Court concludes that the decisional process

would not be significantly aided by oral argument. D. Idaho L. Civ. R. 7.1(d).

Accordingly, the Court enters the following Order.

## BACKGROUND

In a criminal action in the Seventh Judicial District Court in Bingham County,

Idaho, with the Honorable Jon J. Shindurling presiding, Petitioner pleaded guilty to and

was convicted of ten counts of felony issuance of insufficient funds checks in violation of

Idaho Code § 18-3106. While on probation for his Idaho convictions and sentences, Petitioner was convicted of federal charges in South Dakota. Presently, Petitioner is incarcerated in a federal facility in Louisiana on his federal conviction, during which time he is also an Idaho probationer. When the Court initially reviewed this matter, it determined that the Petition directly challenged Petitioner's state court judgment that is the basis for his current and future custody, and, thus, the Court notified Petitioner that it would construe his petition under 28 U.S.C. §2254, rather than under § 2241, as pleaded in the Petition. (Dkt. 2.)

In response, Petitioner filed an objection to the characterization of his Petition under § 2254, arguing that it should be construed under § 2241, as a challenge to an "illegal detainer." (Dkt. 14.) The Court will address this and other preliminary issues outstanding in this case before moving to the Motion for Summary Dismissal pending before the Court.

## MOTION TO INTRODUCE NEWLY-DISCOVERED EVIDENCE

To the extent that Petitioner's Motion to Introduce Newly-Discovered Evidence asks the Court to take judicial notice of items outside the Idaho Supreme Court record, generally the merits of the claims in a federal habeas corpus petition are decided on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011); 28 U.S.C. §225(e)(2). There are rare circumstances in which the state court record may be supplemented by new factual development in federal court, such as: (1) when a state court did not decide a claim on the merits, and the claim is properly before the federal

court; (2) when the state court factual determination was unreasonable; (3) when a petitioner wishes to show cause and prejudice in a procedural default setting; or (4) when a petitioner is trying to show actual innocence to overcome a procedural default or statute of limitations issue.

The threshold issues before the Court is whether Petitioner's Petition should be construed under § 2241, whether the claims were timely filed, and whether certain new claims are procedurally defaulted. The newly-discovered letter does not address or aid in the resolution of these procedural issues. Rather, Petitioner brings the letter forward to support the merits of his claims. Accordingly, the Court will deny the Motion.

### REVIEW OF SUMMARY DISMISSAL ISSUES AFTER PETITIONER'S RESPONSE TO NOTICE OF INTENT TO DISMISS

## 1. Whether Petition Should Be Construed under § 2241 or 2254

Petitioner disagrees with the Court's characterization of his claims as challenging a state court order or judgment under § 2254, rather than § 2241. Rather than repeat its entire analysis of that issue, the Court references its prior Order of August 10, 2015, pp. 1-5. Petitioner is a federal prisoner and is also an Idaho probationer whose sentence was interrupted by the federal proceedings; the state of Idaho has lodged a detainer to take custody of Petitioner to compel him to finish serving his Idaho state sentence when his federal sentence is completed.

Petitioner still maintains that the basis for his § 2241 claim of wrongful detainer is the allegation that Judge Jon Shindurling lacked jurisdiction to impose an aggregate 50-

year sentence or 30- to 50-year amended aggregate sentence. Because Petitioner is considered to be in state court custody because of his status as a probationer, and his challenge rests on the alleged invalidity of his state court judgment that affects both his current and future Idaho custody, the claim is properly considered under § 2254. *See Rose v. Morris*, 619 F2d 42 (9th Cir. 1980); Rule 1(a)(2) of the Rules Governing Section 2254 Cases (explaining that the Habeas Rules govern § 2254 petitions filed by "a person in custody under a state-court or federal court judgment who seeks a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States").

## 2. Whether the Claims Are Timely

The Court set forth a lengthy analysis in its prior Order explaining why Petitioner's claims were untimely. The Court references its Order of August 10, 2015, for that analysis. (Dkt. 33, pp. 10-18.) Petitioner has failed to address the statute of limitations issue in his Response. Because Petitioner does not show that Claims One and Two are timely, or that the equitable tolling or actual innocence exceptions should be applied, these claims are subject to dismissal with prejudice.

As to Claims Three (a) and (b), the Court noted that it was unclear from the record when Petitioner first became aware of the factual predicate forming the basis of these claim; it could have been as early as June 17, 2013, when the sentencing hearing transcript was lodged, which was more than one year prior to the filing of the Petition in this matter. The Court notified Petitioner that he should address this factual question in

his Response, but he did not. Because Claims Three (a) and (b) are also procedurally defaulted, the Court dismisses the claims on that basis, rather than on statute of limitations grounds.

**3.  Whether Claims Three (a) and (b) are Procedurally Defaulted**

In its prior Order, the Court preliminarily concluded that Claim Three (a) and (b) were procedurally defaulted because Petitioner did not raise them in a procedurally proper manner in the state district court, but raised them for the first time before the Idaho Supreme Court in a petition for review. Petitioner has brought forward nothing in his Response to show that the claims were fairly presented to the state courts in a procedurally proper manner, or that cause and prejudice or actual innocence excuses the procedural default. Therefore, these claims are subject to dismissal.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Introduce Newly Discovered Evidence (Dkt. 32) is DENIED.

2. The Petition for Writ of Habeas Corpus (Dkt. 2) is DISMISSED with prejudice as untimely as to Claims One and Two, and as procedurally defaulted as to Claims Three (a) and (b); to that extent, Respondent's Motion for Summary Dismissal (Dkt. 27) is GRANTED.

3.  The Court will not grant a certificate of appealability in this matter because it is

    clear that the statute of limitations cannot be extended by the filing of a state post-

    conviction action beyond the original one-year time period, and it is clear that new

    claims cannot be raised for the first time in a petition for review before the state's

    highest court. Petitioner does not deserve encouragement to proceed further on

    these issues.

DATED: January 18, 2017

B. Lynn Winmill
Chief Judge
United States District Court